FILED

**NOT FOR PUBLICATION**

APR 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MARLO, an individual, | No. 09-56196 |
| Plaintiff - Appellee, | D.C. No. 2:03-cv-04336-DDP-RZ |
| v. | |
| UNITED PARCEL SERVICE, INC., a corporation, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| MICHAEL MARLO, an individual, | No. 09-56206 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-04336-DDP-RZ |
| v. | |
| UNITED PARCEL SERVICE, INC., a corporation, | |
| Defendant - Appellee. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| MICHAEL MARLO, an individual, | No. 09-56451 |
| Plaintiff - Appellee, | D.C. No. 2:03-cv-04336-DDP-RZ Central District of California, Los Angeles |
| v. | |
| UNITED PARCEL SERVICE, INC., a corporation, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted November 4, 2010
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and JONES,[**] District Judge.

Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291. In a separate opinion published contemporaneously, we hold that the district court did not err in decertifying the class. Here, we affirm the district court's denial of UPS's motions

---

[**] The Honorable Robert C. Jones, United States District Judge for the District of Nevada, sitting by designation.

2

for judgment as a matter of law (JMOL) and a new trial; grant of Marlo's motion for restitution and prejudgment interest; and award of attorneys' fees to Marlo.

First, we affirm the denial of UPS's motion for JMOL. "Judgment as a matter of law is proper when the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury." *Ostad v. Or. Health Sci. Univ.*, 327 F.3d 878, 881 (9th Cir. 2003). As to the executive exemption, however, the evidence permits the jury's conclusion that Marlo's duties as a hub supervisor did not "involve the management of the enterprise in which [he was] employed or of a customarily recognized department of subdivision thereof." Cal. Code Regs. tit. 8, § 11090(1)(A)(1)(a). Similarly, the evidence permits a conclusion that Marlo's work as a preload supervisor did not require that he "customarily and regularly exercise discretion and judgment" or be "primarily engaged in duties which meet the test of the exemption." *Id.* § 11090(1)(A)(1)(d), (e). As to the administrative exemption, the jury could have concluded that Marlo's work as a hub supervisor did not require that he "regularly and directly assist[] an employee employed in a bona fide executive or administrative capacity"; "perform[] under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge"; or "execute[] under only general supervision special assignments and tasks." *Id.* §

3

11090(1)(A)(2)(c)-(e).  Because the evidence supports the jury's verdict, UPS is not entitled to JMOL.

We similarly affirm the denial of UPS's motion for a new trial.  The district court did not abuse its discretion in responding to a jury note by referring the jury to the court's previous instructions.  *See Arizona v. Johnson*, 351 F.3d 988, 993-97 (9th Cir. 2003).  Nor did it err in denying UPS's motion to reopen discovery, a decision that falls within the "wide latitude" afforded district courts in controlling discovery.  *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002) (citation and internal quotation marks omitted).

We also affirm the district court's decision granting Marlo's motion for restitution and prejudgment interest.  UPS's sole argument in support of this claim is that the verdict was not supported by the evidence, an argument we have already rejected.

Finally, the district court did not err in awarding Marlo attorneys' fees.  Although the motion was untimely filed and Marlo did not make a formal motion for an extension of time, the district court treated Marlo's post-deadline request as a motion, and UPS's response indicates that it was on notice that a motion was at issue.  *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990).  The district court properly considered whether Marlo's motion was untimely filed

4

"because of excusable neglect," Fed. R. Civ. P. 6(b)(1)(B), evaluating the factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993). Having properly considered and weighed those factors, the district court did not abuse its discretion in considering the motion. *See Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc).

Nor did the district court err in calculating attorneys' fees. The district court reduced the lodestar to account for Marlo's unsuccessful individual claim and his failure to achieve class certification. *See Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983). Moreover, Marlo succeeded on the majority of his individual claims, and the district court noted that it decertified the class because "then-counsel had proffered an approach that was fundamentally flawed in its presentation of classwide proof," not because "the case could under no circumstances proceed as a class action," and that it had since proceeded as "something of a bellwether' case for the numerous individual cases brought by former class members." Given the case's unique history and posture, the district court did not abuse its discretion in calculating attorneys' fees.

Each party shall bear its own costs on appeal.

**AFFIRMED.**